ENGLANDER COMPANY, INC., a Delaware Corporation, Plaintiff, *v.* SOL TISHLER, Individually and as President of Bedding, Curtain & Drapery Workers Union, Local 140, C.I.O., et al., Defendants.

Supreme Court, Special Term, Kings County, June 15, 1954.

*J. Norman Lewis* and *James P. Durante* for plaintiff.

*Victor Rabinowitz* for defendants.

JOHN B. JOHNSTON, Official Referee (orally). In this action the plaintiff, the Englander Company, Inc., seeks an injunction restraining the defendants from ordering or maintaining pickets at or about the premises of the plaintiff's customers, and for other relief.

I find that the plaintiff is a Delaware corporation, authorized to do business in the State of New York, and at and prior to the commencement of this action plaintiff was engaged in the manufacture and sale of bedding, and particularly mattresses, box springs, etc., and maintained a plant and operated a factory at Johnson and Stewart Avenues, in Brooklyn.

I find that the defendant Bedding, Curtain & Drapery Workers Union, Local 140, C.I.O., is an unincorporated voluntary association having an office in New York City, and defendant Tishler is its president and defendant Wagner is its treasurer, defendant Bernie Minter is a business agent of the defendant union, and defendant Sirota is the business manager of the union.

I find that on June 30, 1953, plaintiff and defendant union local entered into a collective bargaining agreement which was to, and did, expire on March 31, 1954.

I find that plaintiff complied with all the provisions of that agreement on its part to be performed; but that the defendant union or local, prior to the expiration date of that agreement, violated it, particularly Paragraph Second, wherein it agreed not to engage in or assist or support picketing.

I find that in January, 1954, approximately three months prior to the expiration of the collective bargaining agreement, the defendant union and its officers, the other defendants named herein, informed plaintiff that unless the plaintiff agreed to continue the operation of its factory in Brooklyn for a period of an additional two years and make an agreement with the

union for that period the defendant union would embark on a program of picketing plaintiff's customers in the city of New York and resort to other means of pressure by leaflets, the distribution of leaflets, and the use of television.

I find that when plaintiff, in January or February, 1954, and prior to the expiration date of the agreement informed defendants it refused to yield to the demands of the defendant local to continue the operation of its factory in Brooklyn for two years following the termination of the then existing contract and to make a new contract for that period, the defendant union from February 13th, I think it is, 1954, and thereafter, and prior to the expiration date of the collective bargaining agreement, caused pickets to be stationed in front of and about the premises of plaintiff's customers, including Namm-Loesers, Abraham & Straus, the Lerner Company, John Wanamaker, Mullens, and Ludwig Baumann-Spears Company, and, in addition, caused and arranged for the distribution of leaflets to prospective customers of plaintiff's customers who are retailers selling plaintiff's merchandise. Copies of the leaflets and other printed material so distributed are attached to the complaint and have been received in evidence.

I find that the signs carried by the pickets contained legends, and the leaflets and other literature contained statements, which are misleading and false.

I find that the defendant Minter told Mr. Lerner, who was called here as a witness, that if his company stopped displaying or selling plaintiff's products the picketing and other acts would cease, and if not they would be continued, and they were continued.

I find that such action on the part of the defendants was harmful to plaintiff's business, and was so intended, and violated some of the provisions of the collective bargaining agreement.

I find that the sole purpose of the picketing and other acts of the defendants heretofore referred to was to coerce and compel plaintiff to continue the maintenance and operation of its factory at Johnson and Stewart Avenues, in Brooklyn, and to coerce and compel the plaintiff to renew its agreement with the defendant local.

Of course, it cannot be gainsaid that an employer or businessman has the right to discontinue his business if and when he so determines, provided the employer or businessman has not agreed to continue such business. I find plaintiff in this case never agreed to continue operation of its plant after the date

when the bargaining agreement expired, to wit, on March 31, 1954, hence plaintiff had a right to discontinue its factory and the operation of its business at the plant heretofore referred to, after March 31, 1954. I find it was not and is not a lawful objective to coerce or compel plaintiff to continue the maintenance and operation of its factory at Johnson and Stewart Avenues, Brooklyn, and hence there is no labor dispute or controversy involving labor relations; and even if the picketing and other acts of defendants be deemed peaceful, they are unlawful because the purpose was, and is, to injure the plaintiff and its business by subjecting the plaintiff to economic pressure.

Moreover, it appears defendants have violated the provisions of a temporary restraining order heretofore entered in this case on April 2, 1954, and admittedly an order has since been entered holding them guilty of contempt for so doing.

I find that under the facts in this record there is no real or legitimate labor dispute, and the picketing and other acts heretofore referred to will be enjoined as prayed for in the complaint, with costs to the plaintiff against the defendants.

I find there is no proof, or insufficient proof, of money damages suffered by the plaintiff, and hence no award for money damages will be made.

The defendants urge that while the picketing and other acts referred to might have been unlawful originally, in view of the fact that plaintiff has since discontinued operation of its Brooklyn plant, or factory, the union and the individual defendants should not be restrained from picketing because they have a constitutional right to impart, by picketing, to the public truthful and accurate information.

Assuming the defendants have such right to impart to the public, by picketing, such truthful information, the judgment will provide that it is entered without prejudice to defendants making an application to Special Term, if so advised, to be permitted to picket for lawful and proper purposes.

The foregoing are the facts found by the court and constitutes the decision of the court as required by section 440 of the Civil Practice Act.

Settle judgment on notice.